```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GLORIA J. LAWTON,

                Plaintiff,              **DECISION**
v.                                      **and ORDER**

MONROE COUNTY DEPARTMENT OF             07-CV-6340
HUMAN SERVICES,

                Defendant.
_____
```

## INTRODUCTION

Plaintiff Gloria Lawton, ("Lawton"), a part-time employee of defendant Monroe County Department of Human Services, brings this action pursuant to the Americans with Disabilities Act of 1990 (the "ADA") claiming that the defendant discriminated against her on the basis of a disability, and retaliated against her because of her complaints of discrimination. Specifically, plaintiff, who suffers from type 2 diabetes, claims that the defendant discriminated against her by not allowing her to have a flexible starting time. She also claims that when she complained that she was being discriminated against on the basis of her disability, she was retaliated against by being harassed.

Defendant moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on grounds that plaintiff has failed to state a cause of action for disability discrimination, or retaliation. For the reasons set forth below, I grant the defendant's motion and dismiss plaintiff's claims with prejudice.

DISCUSSION

     Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Scott v. Harris, 550 U.S. 372, ___; 127 S.Ct. 1769, 1776 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott, 550 U.S. at ___; 127 S.Ct. at 1776 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986).

     In the instant case, plaintiff claims that she was discriminated against on the basis of her disability: type 2 diabetes. Section 12112 of the ADA prohibits discrimination against qualified individuals with a disability with respect to conditions of employment including hiring, advancement, discharge and compensation. 42 U.S.C.A. § 12112(a) (1995). To state a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that (1) she is a handicapped person within the meaning of the ADA; (2) she is otherwise qualified to perform the duties of her former job; (3) adverse employment action was taken against her

because of her handicap; and that (4) her employer is subject to the anti-discrimination provisions of the ADA. See Joyce v. Suffolk County, 911 F.Supp. 92, 94 (E.D.N.Y. 1996) (citations omitted). However, because Lawton has failed to establish that she is a handicapped person within the meaning of the ADA, she has failed to establish a prima facie case of disability discrimination under the ADA.

It is well settled under federal law that the mere presence of a medical condition or impairment suffered by a plaintiff does not establish that the plaintiff is disabled under the ADA. Toyota Motor Mfg., Kentucky v. Williams 534 U.S. 184, 195 (2002)("[m]erely having an impairment does not make one disabled for purposes of the ADA")[1]. Rather, to establish the existence of a disability, a plaintiff must demonstrate that he or she suffers from a physical or mental impairment that "substantially limits one or more major life activities . . . ." 42 U.S.C. § 12102(2)(A). "Major life activities" are defined in the regulations promulgated by the EEOC as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3(j)(2)(ii).

---

[1] Although the ADA Amendments Act of 2008 substantially changed the definition of the term "disability" as used in the ADA, and specifically abrogated much of the Supreme Court's precedent on the issue, the Amendments did not take effect until January 1, 2009, and were not made retroactive. Accordingly, this court applies the law that was in effect at the time the complained-of acts occurred. See Kravar v. Triangle Services, Inc., 2009 WL 805807 n. 3 (S.D.N.Y., March 27, 2009).

To be "substantially impaired" from performing a major life activity, a plaintiff must have an impairment that "prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." Toyota, 122 S.Ct. at 691. Moreover, "[t]he impairment's impact must also be permanent or long term." Id. See also 29 C.F.R. § 1630.2(j)(1)(i)-(ii)(A major life activity is substantially limited when an individual cannot perform an activity that an average person in the general population could perform, or faces significant restrictions in the "condition, manner, or duration under which the individual can ... perform [the] activity.") Finally, the determination of whether or not a person suffers a disability under the ADA "is an individualized inquiry" that does not rest on the mere diagnosis of an impairment. Sutton v. United Airlines, 527 U.S. 471, 483 (1999). Instead, courts are to look to "the effect of [an] impairment on the life of the individual." 29 CFR pt. 1630, App. § 1630.2(j). See also, Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 151 (2d Cir.1998)(disability determinations to be made on an individualized case-by-case basis).

In this case, Lawton has failed to identify any major life activity that was substantially impaired by her diabetes. Her claims that her activities are limited because she has to monitor her blood glucose levels, take medications, partake of meals on a regular schedule, and suffers from fatigue in the morning due to increased blood glucose levels fail to allege a substantial

impairment of any major life activity. See Gaffney v. Department of Information Technology and Telecommunications, 536 F.Supp.2d 445, 472 (S.D.N.Y., 2008)(fatigue allegedly caused by diabetes did not substantially impair any major life activity); Krikelis v. Vassar College, 581 F.Supp.2d 476, 485-86 (S.D.N.Y., 2008)(diabetes' effect on eating not a substantial impairment of a major life activity)(citing, Teachout v. N.Y. City Dep't. of Ed., 2006 WL 452022, at *5 (S.D.N.Y. Feb. 22, 2006) (holding that plaintiff had not raised a triable issue of fact as to impairment of eating as substantial life activity where his diabetes required him to eat regular and small meals); Sepulveda v. Glickman, 167 F.Supp.2d 186, 191 (D.P.R.2001) (holding that plaintiff with diabetes requiring "medication, a fixed meal schedule, timely snack breaks, and the opportunity to use the bathroom frequently during the work day" is not limited as to any major life activity when "taking into account the availability of corrective and mitigating measures"). Because plaintiff has failed to establish that she is a qualified individual with a disability under the ADA, I find that he has failed to state a prima facie case of discrimination under the ADA, and therefore, I grant defendant's motion for summary judgment dismissing his claim under the ADA.

Plaintiff further claims that she was retaliated against when she complained that she was being discriminated against on the basis of her disability. To state a prima facie case of retaliatory discrimination, in addition to establishing that he or

she engaged in protected activity (such as complaining of discrimination), a plaintiff must also establish that he or she suffered an adverse employment action as a result of engaging in protected activity, or was subjected to action that would dissuade a reasonable worker from making or supporting a charge of discrimination. Burlington Northern & Santa Fe Railway Co. V. White, 548 U.S. 53, 68 (2006).

In the instant case, plaintiff has failed to establish that any adverse employment action was taken against her in response to her complaints of discrimination. While it is uncontroverted that plaintiff was subjected to an unpaid suspension of one day, and an unpaid suspension of three days, it is further uncontroverted that those suspensions came after several informal and formal counseling sessions, including sessions in which her union representatives were involved. The disciplinary action was taken against plaintiff because even after her start times were changed to 10:00 a.m. two days a week, and 9:30 a.m. one day a week, she continued to be late for work over 60% of the time. Moreover, it is uncontroverted that plaintiff was insubordinate when counseled about her tardiness and poor work performance. An employee who engages in protected activity is not immune from good-faith criticism of his or her work, nor from discipline for deficient work. See e.g. Orluske v. Mercy Medical Center-North Iowa, 455 F.Supp.2d 900, (N.D.Iowa, 2006)(engaging in protected activity does not insulate employee from discipline). In the instant case, the plaintiff had a long

and well-documented history of being late to work (even after she was granted a later starting time) and performing poorly. Accordingly, I find that no reasonable trier of fact could conclude that plaintiff was disciplined as a result of any complaints she made regarding defendant's alleged disability discrimination.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for summary judgment, and dismiss plaintiff's Complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                S/ Michael A. Telesca
                                _____
                                    Michael A. Telesca
                                United States District Judge

DATED:   Rochester, New York
         May 14, 2009